IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 0:20-62541-WPD-CIV-DIMITROULEAS

JANE DOE,

    Plaintiff,

vs.

RICKEY PATEL, LLC d/b/a VACATION INN, et al.

    Defendants.
_____/

## **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, Jane Doe, hereby responds to this Court's Order to Show Cause Why Cases Should Not Be Consolidated.  Doc. 11.  The Court asked why Case No. 20-cv-60683 should not be consolidated with this case.  As explained below, given that Case No. 20-cv-60683 recently resolved against all of the defendants in that case, Ms. Doe believes that consolidation would work an unfairness on both herself and LQ Management LLC unless all scheduling deadlines that are currently in place in Case No. 20-cv-60683 are altered.

Ms. Doe is a victim of human trafficking.  She originally filed Case No. 20-cv-60683 in the Middle District of Florida against approximately 13 hotel properties alleging that the hotels violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595.  Among the hotels named were four La Quinta hotels in South Florida.  La Quinta has a byzantine corporate structure and, at the early stages, Ms. Doe was not sure which of the many corporations to name as a defendant.  So, she named a handful of options: LQ Management LLC, CPLG Florida

1

Properties LLC, CPLG Holdings, LLC, CPLG Properties LLC, La Quinta Worldwide LLC, and LQ Florida Properties LLC.

The case was eventually transferred to the Southern District of Florida and, after the defendants filed motions to dismiss, Ms. Doe dismissed several of the hotels from the case. Included in the dismissals, were all of the La Quinta entities except CPLG Florida Properties LLC—because she believed they were not the correct defendants. Case No. 20-cv-60683, Docs. 146, 147. LQ Management LLC was one of the dismissed La Quinta entities. That left Vacation Inn, Sky Motel, Sawgrass Inn and two La Quinta hotels (with the named defendant being CPLG Florida Properties LLC) as the defendants. Ms. Doe filed her Amended Complaint against those defendants on May 4, 2020. Case No. 20-cv-60683, Doc. 164.

On May 18, 2020, the remaining defendants filed motions to dismiss. Case No. 20-cv-60683, Docs. 169-173. During the pendency of the motions to dismiss, Ms. Doe served discovery, but the defendants requested that they not be required to respond while their motions to dismiss were pending. Because they had caselaw in support of their position, Ms. Doe agreed.

This Court issued its order denying the motions to dismiss on September 30, 2020. Case No. 20-cv-60683, Doc. 197. The order gave the defendants until October 13, 2020 to file their answers. Case No. 20-cv-60683, Doc. 197, p.23.

On October 12, 2020, Ms. Doe voluntarily dismissed CPLG Florida Properties LLC from the case because she still was not certain who the proper entity was for the La Quinta hotel defendants. Case No. 20-cv-60683, Doc. 202. (La Quinta has undergone multiple ownership and corporate structure changes in the last seven years, which includes the time frame in which Ms. Doe was trafficked; some hotels are franchises and some are owner-operated; La Quinta has holding companies and management companies and holding companies for the holding companies.

Ms. Doe now knows this only because she spent a very long time trying to untangle the "who is my defendant" knot this winter.)

Given the dismissal, the only defendants who answered the Amended Complaint were Vacation Inn, Sky Motel, and Sawgrass Inn.  Case No. 20-cv-60683, Doc. 206, 207.

Between October and December 2020, Ms. Doe and those three defendants then engaged in intense discovery practice, both written and deposition.  The cases against all three defendants very recently resolved and, per the agreement of the parties, all three defendants were dismissed with prejudice from Case No. 20-cv-60683 by joint stipulation on Friday, December 18, 2020.  Case No. 20-cv-60683, Docs. 218, 219.  For all intents and purposes, because those were the only three defendants in the case, Case No. 20-cv-60683 is over.

Meanwhile, while engaging in discovery with Vacation Inn, Sky Motel and Sawgrass Inn, Ms. Doe conducted further research regarding the proper La Quinta entity to name as a defendant. She believes that LQ Management LLC, the company that appears to have made the management decisions for the two La Quinta properties in this case, not CPLG Florida Properties LLC, which is a holding company, is the correct defendant for the La Quinta hotels.  Thus, she re-filed her complaint against LQ Management LLC in this case, Case No. 20-cv-62541.

While LQ Management LLC served initial disclosures in Case No. 20-cv-60683 way back in January 2020, it never filed a motion to dismiss the Amended Complaint in Case No. 20-cv-60683 or engaged in discovery in that case.  For that reason, Ms. Doe imagines LQ Management would have a strenuous objection to consolidation.

In addition, Ms. Doe never had an opportunity to conduct discovery against LQ Management LLC.  Ms. Doe would oppose consolidation because the expert disclosure deadline in Case No. 20-cv-60683 is currently set for February 1, 2021.  *See* Doc. 204.  That deadline would

3

be impossible for Ms. Doe to meet (there would not be sufficient time for written discovery and, odds are, no time for depositions either—at least not in time to provide the discovery responses or obtain transcripts and give them to an expert to draft a report).  While LQ Management's expert disclosure deadline is March 1, 2021, they will likely have a very hard time meeting even that deadline given that they have never served discovery on Ms. Doe.

In short, this case is in its infancy as it relates to LQ Management LLC because that party was dismissed from the case before Ms. Doe filed her Amended Complaint.  While Ms. Doe cannot see a universe in which LQ Management's motion to dismiss arguments would differ from the arguments previously raised by CPLG Florida Properties LLC and ruled upon by this Court, LQ Management does have a due process right to file a motion to dismiss.  And, if LQ Management takes the same approach as CPLG Florida Properties, it will argue that no discovery can be conducted while a motion to dismiss is pending.  Given the deadlines currently in place in this case, if this Court consolidated the case against LQ Florida Management LLC (20-cv-62541) with Case No. 20-cv-60683 (which currently has no defendants) ***and kept the current scheduling deadlines in Case No. 20-cv-60683***, those deadlines would be literally impossible to meet.

## Conclusion

Consolidating this case with Case No. 20-cv-60683 without changing the dates in the scheduling order would work a tremendous unfairness.  If this Court believes that consolidation serves an economical purpose because the parties have already filed Rule 26 initial disclosures in Case No. 20-cv-60683, then Ms. Doe would ask that the Court vacate the current scheduling order and issue a new one that sets the case on a scheduling track as though the case was newly filed (because it essentially is).  Alternatively, given that the three defendants whose motions to dismiss

were denied and against whom discovery has been conducted elected to resolve the matter, Case No. 20-cv-60683 could be closed and this case could continue.

        Respectfully submitted,
        */s/ Maegen Peek Luka*
        **C. RICHARD NEWSOME, ESQUIRE**
        Florida Bar No.: 827258
        **R. FRANK MELTON, ESQUIRE**
        Florida Bar No.: 0475440
        **MILETTE E. WEBBER, ESQUIRE**
        Florida Bar No.: 145874
        **MAEGEN PEEK LUKA**
        Florida Bar No.: 549851
        **NEWSOME MELTON**
        201 South Orange Avenue, Suite 1500
        Orlando, Florida 32801
        Telephone: (407) 648-5977
        Facsimile: (407) 648-5282
        *Attorneys for Plaintiff*
        newsome@newsomelaw.com
        melton@newsomelaw.com
        webber@newsomelaw.com
        swinehart@newsomelaw.com
        oneill@newsomelaw.com
        luka@newsomelaw.com