UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-62541--CIV-DIMITROULEAS

JANE DOE,

    Plaintiff,

vs.

LQ MANAGEMENT LLC d/b/a LA QUINTA
FORT LAUDERDALE TAMARAC EAST #4006
and LQ MANAGEMENT LLC d/b/a LA QUINTA
INN located at 7901 SW 6th St., PLANTATION, FL.,
    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendants' January 6, 2021 Motion to Dismiss [DE-23]. The Court has carefully considered the Motion, Plaintiff's January 18, 2021 Response [DE-28], and Defendants' January 25, 2021 Reply [DE-30], and is otherwise fully advised in the premises. This case was originally part of *Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV; this court denied a similar motion on September 29, 2020. *See Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV, 2020 WL 6121939, (S.D. Fla. Sept. 30, 2020). Three days after the Plaintiff was noticed for deposition [DE-201 in 0:20-60683-WPD-CIV], the case was voluntarily dismissed [DE-202 in 0:20-60683-WPD-CIV]. For the reasons stated herein the Court again denies Defendants' motion to dismiss.

### I.    BACKGROUND

Plaintiff is a survivor of sex trafficking and alleges that she was trafficked for sex as a minor in Broward County, Florida. [DE-1, ¶ 1]. Plaintiff alleges that she is a sex trafficking survivor within the meaning of 18 U.S.C. § 1591 and that she is entitled to recovery from the

defendant hotel owners under the William Wilberforce Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA") [DE-1, ¶ 2].

According to Plaintiff, she was trafficked for sex from late 2012 to 2016, starting when she was 17 years old. [DE-1, ¶ 7]. During this time, she was forced to perform sexual acts in exchange for a fee and repeatedly raped, physically and verbally abused, exploited, tormented, kidnapped, and imprisoned at Defendants' hotels. [DE-1, ¶ 7]. Her trafficker (Dread) would place ads on the internet. She would then rent rooms with cash or, if the hotel did not accept cash, a pre-paid credit card at hotels owned by the Defendants. [DE-1, ¶ 8].

Plaintiff contends that "[i]t is well known that hotels are highly favored by sex traffickers because they provide privacy and anonymity for the purchasers of sex to meet the child/young woman being exploited." [DE-1, ¶ 12]. In 2004, the organization End Child Prostitution and Trafficking established a voluntary code of conduct (the "Hotel Code of Conduct") that established a framework for companies to help prevent child trafficking through training, education, and collaboration with other stakeholders. [DE-1, ¶¶ 13-15]. The Hotel Code of Conduct included a checklist to help identify a number of red flags of human trafficking. Plaintiff identifies the following red flags of human trafficking in her complaint:

   a. Paying for rooms with cash or pre-paid credit cards;
   b. A guest lingering just outside the room for long periods of time (i.e., the trafficker waiting outside as the johns are inside the room abusing victims like Plaintiff);
   c. Multiple guests coming and going from the hotel or motel—particularly a large stream of adult males—without ever checking into a room;
   d. Excessive foot traffic going in or out of a particular room or area of the hotel or motel;
   e. Staying for multiple days with few possessions;
   f. Requesting a room overlooking the parking lot;
   g. Frequently requesting new linens, towels, and refusing housekeeping services;
   h. Guests frequently entering and emerging from rooms with no luggage or identification.

[DE-1 ¶ 19].

Plaintiff sues LQ Management, LLC d/b/a La Quinta Inn located at 7901 SW 6th St., Plantation, FL and LQ Management, LLC d/b/a La Quinta Fort Lauderdale Tamarac East #4006.

Plaintiff alleges that each defendant was aware of the Hotel Code of Conduct and the steps they could take to identify and prevent sex trafficking but did not follow those steps or sign the Hotel Code of Conduct. [DE-1, ¶¶ 22, 23, 26, 27]. She alleges that the hotels essentially ignored what was going on or looked the other way [DE-1, ¶¶ 8-11]. They turned a blind eye and did nothing to prevent trafficking or protect the victim [DE-1, ¶¶ 31, 40]. Moreover, it is alleged that Plaintiff was on a first name basis with two of the male managers at the Plantation hotel [DE-1, ¶33]. Plaintiff brings claims for a violation of the TVPRA of 2008 against both hotels.

Each defendant moves to dismiss the counts against them alleged in the Complaint for failure to state a claim.

## II.    MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of

action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1337 (11th Cir. 2012).

### III.   DISCUSSION

The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act. Section 1595 of the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595.[1]

To state a claim under the TVPRA § 1595(a), a plaintiff must allege facts which permit the Court to plausibly infer that the defendant, "(1) "knowingly benefit[ted] financially or by receiving anything of value"; (2) from participation in a venture; (3) it "knew or should have known has engaged in" sex trafficking under section 1591." *A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at \*7 (E.D. Pa. Apr. 22, 2020); *see also S.Y. v. Naples Hotel Co*., No. 220CV118FTM29MRM, 2020 WL 4504976, at \*2 (M.D. Fla. Aug. 5, 2020). As a preliminary matter, the Court notes, as it did in *Doe v. Rickey Patel, LLC*, there appears to be at least some disagreement between district courts as to the requirements of pleading each of these elements. *See e.g. S.Y. v. Naples Hotel Co*., No. 220CV118FTM29MRM, 2020 WL 4504976, at

---

[1] While, as discussed below, the § 1595 of the TVPRA states a known or should have known, negligence standard for imposing civil liability, the Court does not address at this time whether Plaintiff has sufficiently alleged "willful blindness" or knowledge in the present case.

\*2 (M.D. Fla. Aug. 5, 2020) (noting a number of cases which have reached different holdings as to the requirements for pleading "participation in a venture"); *A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at \*9 (E.D. Pa. Apr. 22, 2020). Throughout their Motion to Dismiss, Defendants implicitly argue for an interpretation of § 1595 which aligns with interpretations of § 1591, the criminal component of the TVPRA.  Plaintiff, on the other hand, argues this Court should follow the decision it made in *Doe v. Rickey Patel, LLC*. This Court will continue to follow the standards in articulated in *Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV, 2020 WL 6121939, at \*4 (S.D. Fla. Sept. 30, 2020), notwithstanding intervening persuasive argument or binding precedent suggesting it should do otherwise.

Defendants argue that Plaintiff has failed to plead facts that could plausibly support an inference that the Defendants "participated" in a "venture" with Plaintiff's alleged trafficker, such that the Defendants would be liable under the TVPRA.  Further, the Defendants argue that they did not have knowledge of any causal relationship between its acts and the benefits they received from Plaintiff's trafficking nor did they know, or should have known, the venture they participated in involved forcing or coercing Plaintiff to commit commercial sex acts.

The Court will address each of the elements of a claim under § 1595 of the TVPRA of 2008 in turn.

### A.  *Participation in a Venture*

As to their participation in a venture, the  Defendants argue that Plaintiff does not allege the  Defendants "knew of, interacted with, or rented any rooms to Plaintiff's alleged trafficker, let alone that they shared any common purpose, operated as a continuing unit, or otherwise "associated in fact" with Plaintiff's alleged trafficker." Implicit in Defendants argument is a contention that participation in a venture should require an "association in fact" between

Defendants and Plaintiff's trafficker and an "overt act" of participation in the venture. This argument is based on the definitions provided for in § 1591 of the TVPRA of a "venture" and "participation in a venture" and cases interpreting these definitions. Section §1591(e) defines a "venture" as "any group of two or more individuals associated in fact" and "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation of subsection [1591] (a)(1)." *See* 18 U.S.C. § 1591(e)(4), (6).

In Response, Plaintiff asks this Court to reaffirm its adoption of the statutory interpretation outlined by Judge Marbley in *M.A. v. Wyndham Hotels & Resorts, Inc,* 425 F.Supp.3d 959 (S.D. Ohio Dec. 6, 2019) and *H.H. v. G6 Hospitality, LLC*, No. 2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019) and Judge Kearney in *A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *10 (E.D. Pa. Apr. 22, 2020). Plaintiff contends that requiring an over act would be the equivalent of imposing a knowing standard of the civil liability provision of § 1595 which expressly states a "knew or should have known" standard.

Defendants ask this Court to require that Plaintiff plead facts that demonstrate Defendants and Plaintiff's trafficker acted as a "continuing unit that functions with a common purpose", applying the definition of "associated in fact" used in the RICO context. *See, e.g. Boyle v. United States*, 556 U.S. 938, 948 (2009). As the Court stated in *Doe v. Rickey Patel, LLC* , the Court is not prepared to impose requirements to plead a RICO claim onto Plaintiff who is here pleading a claim for civil liability under the TVPRA of 2008. *Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV, 2020 WL 6121939, at *4 (S.D. Fla. Sept. 30, 2020).

Defendants also asks this Court to require that Plaintiff plead that Defendant made some overt act to participate in the sex-trafficking venture. "Participation in a venture" requires an overt act under the criminal provision of the TVPRA § 1591, *see U.S. v. Alfyare,* 632 F.App'x

272, 286 (6th Cir. 2016) (applying §1591(a) of the TVPRA), and some district courts have applied this requirement to civil claims under § 1595 of the TVPRA. *S.Y. v. Naples Hotel Co.*, No. 220CV118FTM29MRM, 2020 WL 4504976, at *2 (M.D. Fla. Aug. 5, 2020) (collecting two cases). Many courts, however, have rejected the argument that "participation in a venture" requires an over act, or a knowing state of mind, under § 1595. *E.S. v. Best Western Int'l Inc.*, 2021 WL 37457 *4 (N.D. Tex 2021); *S.Y. v. Naples Hotel Co.*, No. 220CV118FTM29MRM, 2020 WL 4504976, at *3 (M.D. Fla. Aug. 5, 2020) (citing J.C. v. Choice Hotels Int'l, Inc., 2020 WL 3035794, *1 n.1 (N.D. Cal. June 5, 2020); S.J. v. Choice Hotels Int'l, Inc., No. 19-cv-6071-BMC, 2020 WL 4059569, at *3-4 (E.D. N.Y. July 20, 2020); *A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *13 (E.D. Pa. Apr. 22, 2020); *Doe S.W. v. Lorain-Elyria Motel*, Inc., 2020 WL 1244192, *6 (S.D. Ohio Mar. 16, 2020); *H.H. v. G6 Hosp., LLC*, 2019 WL 6682152, *4 (S.D. Ohio Dec. 6, 2019); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 968-69 (S.D. Ohio 2019)). Judge Marbley in *M.A. v. Wyndam Hotels and Resorts, Inc.*, reasoned that

> [A]pplying the definition of "participation in a venture" provided for in § 1591(e) to the requirements under § 1595 would void the "known or should have known" language of § 1595. Such a construction would violation the " 'cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be construed so that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'"

*M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 969 (S.D. Ohio 2019) (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)); *see also, E.S. v. Best Western* at 4. Further, Judge Marbley noted that the language of § 1591(e) limits the definitions provided in that subsection to § 1591. *Id.* In *M.A.*, the court determined that in the absence of a direct association, "Plaintiff must allege at least a showing of a continuous business relationship between the trafficker and the hotels such that it would appear

that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." *M.A.,* 425 F. Supp. 3d at 970.  In *S.Y. v. Naples Hotel Company¸* the District Court for the Middle District of Florida held, "[i]n the absence of any controlling authority, the Court concludes that actual "participation in the sex trafficking act itself" is not required to state a claim under section 1595." *S.Y. v. Naples Hotel Co.*, No. 220CV118FTM29MRM, 2020 WL 4504976, at *3 (M.D. Fla. Aug. 5, 2020).

As the Court found in *Doe v. Rickey Patel, LLC*, the Court again finds Plaintiff's arguments as well as the reasoning laid out by a number of district courts persuasive. *See e.g. M.A.,* 425 F. Supp. 3d  at 969–70; *A.B. v. Marriott Int'l, Inc.,* No. CV 19-5770, 2020 WL 1939678, at *16 (E.D. Pa. Apr. 22, 2020); *S.Y. v. Naples Hotel Co.*, No. 220CV118FTM29MRM, 2020 WL 4504976, at *3 (M.D. Fla. Aug. 5, 2020). In order to plead Defendants participated in a venture, Plaintiff must allege facts from which the Court could reasonably infer the hotels "could be said to have a tacit agreement" with the trafficker. Plaintiff need not show that defendants had actual knowledge of the participation in the sex-trafficking venture. *H.H. v. G6 Hosp., LLC*, No. 2:19-CV-755, 2019 WL 6682152, at *4 (S.D. Ohio Dec. 6, 2019).  The Court agrees with Defendants, however, that the alleged failure to prevent trafficking is insufficient.

Defendants argue that the present case is distinguishable from many of the cases cited by Plaintiff, because here there are not even sufficient facts alleged to demonstrate that the Defendants had a tacit agreement with Plaintiff's trafficker. While it remains to be seen whether Plaintiff can prove a tacit agreement, Plaintiff has stated facts that permit this Court to plausibly infer tacit agreement.  Plaintiff alleges that she was trafficked at La Quinta located at 7901 SW 6th St. Plantation, FL for a total of approximately thirty (30) nights and at La Quinta Tarmac for

approximately twenty (20) to thirty (30) nights. [DE-1, ¶¶ 30, 39].  Plaintiff's trafficker (Dread) transported her to and from the hotel, took her money, and controlled her every move. [DE-1, ¶¶ 9-11]. Plaintiff's allegations based upon information and belief are not necessarily sufficient to survive a 12(b)(6) motion to dismiss; here they are supported by the allegation that Plaintiff was on a first name basis with two male hotel managers. The Court finds it is sufficient for Plaintiff to plead that Defendants participated in a venture by renting rooms to individuals that knew or should have known were involved in a sex-trafficking venture, including the sex-trafficking victim.  Moreover, the trafficker's failure to personally rent the rooms does not necessarily defeat a cause of action.  The Court notes, however, that whether or not a defendant hotel interacted with Plaintiff's trafficker directly may go to whether the Defendant hotel should have known Plaintiff was part of a sex-trafficking venture.

### B.  *Knowingly Benefit*

In footnote two of their Motion to Dismiss, Defendants argue that Plaintiff has not sufficiently alleged that they knowingly benefited from the sex-trafficking venture. Defendant states that "knowingly benefiting" requires knowledge of a causal relationship between the Defendant's conduct furthering the sex-trafficking venture and receipt of a benefit.

As this Court reasoned in *Doe v. Rickey Patel, LLC,* however, stating a civil claim under the TVPRA, does not require pleading facts that demonstrate actual knowledge of the sex trafficking venture. *H.H.,* 2019 WL 6682152, at *2; *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (stating that for a claim to exist under the TVPRA "there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit, with actual or, in the civil context, constructive knowledge of that causal relationship."). Therefore, alleging that Defendants knowingly received rent for hotel rooms

Defendants knew or should have known was being used in a sex-trafficking venture is sufficient to meet the "knowingly benefit" standard for a claim under § 1595 of the TVPRA.

In the present case, Plaintiff's allegations sufficiently allege that Defendants knowingly received rent for hotel rooms Defendants knew or should have known was being used in a sex-trafficking venture. As stated above, Plaintiff has pled that she spent at least twenty (20) nights at each of the Defendant hotels, that the hotels ignored numerous red flags that she was a trafficking victim, and that Plaintiff was even close friends with managers at the Plantation hotel. [DE-1, ¶¶ 30, 32, 33, 39, 41, 42].

### C. Knowledge that the Venture Involved an Act Which Violated the TVPRA

Section 1595(a) requires factual allegations which permit the Court to plausibly infer that Defendants should have known that the plaintiff was being forced or coerced to commit commercial sex acts against the plaintiff's will. *See* 18 U.S.C. §§1591(a), 1595(a). The clear language of the statute states that the mental state required is that the defendant "knew or should have known" that the venture involved an act which violated the TVPRA. *See* 18 U.S.C. § 1595. Plaintiff does not need to allege Defendant's acted with reckless disregard to state a claim under § 1595 only that the Defendants "should have known" about the nature of the venture under a negligence standard. *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 966 (S.D. Ohio 2019).

With regard to whether Plaintiff knew or should have known that Plaintiff was being trafficked while at the Defendant's premises, Plaintiff alleges that the Defendants chose to ignore red flags that Plaintiff was being trafficked and that based on these red flags Defendants knew or should have known that Plaintiff was being sexually exploited in violation of the TVPRA. Some of the red flags Plaintiff notes are:

As to both La Quinta located at 7901 6th St. Plantation and La Quinta Fort Lauderdale Tarmac East Plaintiff alleges:

- "[A] girl in her late teens or early twenties (who looked her age or even younger) having Elite status and over 20,000 "rewards points" in the La Quinta rewards program. At 10 points per dollar spent, that would amount to having spent over $2,000 in room stays."
- "Plaintiff always paid for the room in cash or an Amscot debit card."
- "Plaintiff would stay for three to four days at a stretch, leave, and then come back."
- "Plaintiff checked in with a purse and perhaps a small bag, nothing else."
- "Plaintiff would only pay for one night at a time, renewing her stay before check-out the next day."
- "Johns would enter the room with no luggage, stay approximately 20 minutes, and then leave."
- "Plaintiff's trafficker was a very tall man (approximately 6' 4") and he was constantly present and hiding the drugs to which he had addicted Plaintiff all over the hotel. When Plaintiff would finish with a John, the trafficker would tell her where to find her next drug hit. The trafficker hid drugs over emergency exit signs, in stairwells, on top of doorways, etc."
- "The hotel had security cameras and no one said a word or questioned any of the strange behavior."
- "Plaintiff always turned away housekeeping and asked to change her own linens."
- "She would put her trash outside her door."

[DE-1, ¶¶, 33,42].

As to La Quinta located at 7901 SW 6th St., Plaintiff also alleges that "Plaintiff made friends with two of the male managers at the La Quinta SW 6th St. These managers knew what was happening and did nothing to stop it; they always rented a room to Plaintiff when she would return."  [DE-1, ¶ 33.

The Court finds that Plaintiff's allegations are sufficient to meet the element of the § 1595 that the Defendants knew or should have known that Plaintiff was being trafficked while on their premises.

### IV.     CONCLUSION

In light of the foregoing, viewing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged sufficient facts to raise claims that are plausible on their

face. This was a close issue when the court denied relief on September 29, 2020 in *Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV; it remains a close issue.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE-23] is **DENIED**

2. Defendants shall file answers to the Complaint on or before **February 15, 2021.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 1st day of February, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All Counsel of Record